UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ANSHUMAN BHATIA,

                                    Plaintiff,

               -against-

THE CITY OF NEW YORK, JOSEPH COYE, DHS PEACE
OFFICER IAN BOURNE, and DHS LIEUTENANT
ROBERT DIAZ,

                                   Defendants.
------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

21CV08363 (JMF) (JLC)

      **WHEREAS,** plaintiff commenced this action by filing a complaint on or about October 10, 2021, alleging that the defendants violated plaintiff's federal civil rights; and

      **WHEREAS,** defendant City of New York has denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

      **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

      2.    Defendant City of New York (the "City") hereby agrees to pay plaintiff Anshuman Bhatia the sum of Thirty-Six Thousand ($36,000.00) Dollars in full satisfaction of all

claims, including claims for costs, expenses and attorneys' fees against the City. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant and to release defendant City; its successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees

3. Defendant Joseph Coye hereby agrees to pay plaintiff Anshuman Bhatia the sum of Five Hundred ($500.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees against defendant Coye, within one year of the execution of this Stipulation of Settlement. Payment shall be made in monthly installments of at least $45.00. Each installment shall be paid by check drawn to Anshuman Bhatia and mailed to Gideon Orion Oliver, 1825 Foster Avenue, Suite 1K, Brooklyn, NY 11230, no later than the 1st of each calendar month. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant Coye and to release defendant Coye and his successors or assigns, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

4. Defendant Robert Diaz hereby agrees to pay plaintiff Anshuman Bhatia the sum of Five Hundred ($500.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees against defendant Diaz, within three months of the execution of this Stipulation of Settlement. Payment shall be made by check drawn to Anshuman Bhatia

and mailed to Gideon Orion Oliver, 1825 Foster Avenue, Suite 1K, Brooklyn, NY 11230. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant Diaz and to release defendant Diaz and his successors or assigns from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

5. Defendant Ian Bourne hereby agrees to pay plaintiff Anshuman Bhatia the sum of Five Hundred ($500.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees against defendant Bourne, within three months of the execution of this Stipulation of Settlement. Payment shall be made by check drawn to Anshuman Bhatia and mailed to Gideon Orion Oliver, 1825 Foster Avenue, Suite 1K, Brooklyn, NY 11230. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant Bourne and to release defendant Bourne and his successors or assign from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

6. Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release for each defendant, based on the terms of paragraphs "2" through "5" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the

injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

7. Defendant City hereby agrees to issue a reminder by email to all Department of Homeless Services peace officers, within three months of execution of this Stipulation of Settlement, remind peace officers to comply with the attached NYC Department of Homeless Services Police, Memo No. 20-001, dated June 25, 2020, titled "New Chokehold and Use-of-Force Legislation and other New Laws Passed by the New York State Legislature and New York City Council," attached as Exhibit A to this settlement agreement.

8. Nothing contained herein shall be deemed to be an admission by the defendant that it has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

9. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

10. Plaintiff agrees to hold harmless defendant regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendant reserves the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

11. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
March 17, 2023

GIDEON ORION OLIVER, ATTORNEY AT LAW
*Attorneys for Plaintiff*
277 Broadway, Suite 1501
New York, NY 10007
718-783-3682

By: *Gideon Orion Oliver*
Gideon O. Oliver
Attorney for Plaintiff

LAW OFFICE OF DAVID BLUM
*Attorney for Defendant Lt. Robert Diaz*
286 Madison Avenue.
Suite 1802
New York, NY 10123

By: *David Blum*
David Blum

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street, 3rd Floor
New York, New York 10007

By: 

Alan H. Scheiner
*Senior Counsel*

IAN BOURNE

By: 
Defendant *Pro Se*

JOSEPH COYE

By: 
Defendant *Pro Se*

# Exhibit A to March 17, 2023 Stipulation of Settlement in *Anshuman Bhatia v. City of New York, et al.,* 21-cv-08363 (JMF)(JLC)

# NYC Department of Homeless Services Police Memo No. 20-001 dated June 25, 2020, "New Chokehold and Use-of-Force Legislation and other New Laws Passed by the New York State Legislature and New York City Council"

|  | **NYC DEPARTMENT OF HOMELESS SERVICES POLICE** <br><br> **New Chokehold and Use-of-Force Legislation and other New Laws Passed by the New York State Legislature and the New York City Council** |
|---|---|
| **MEMO #: 20-001** | **DATE:** June 25, 2020 — **EFFECTIVE DATE:** June 25, 2020 |

**PURPOSE:**

To Inform DHS Peace Officers of New Chokehold and Use-of-Force Legislation and other New Laws Passed by the New York State Legislature and the New York City Council

**DIRECTIVE:**

Under a new state law, currently in effect, a law enforcement officer is guilty of the C-felony crime of Aggravated Strangulation when he or she intentionally commits the crime of Criminal Obstruction of Breathing or uses a chokehold and causes serious physical injury or death.

Simultaneously, a new city bill makes it a misdemeanor for law enforcement to restrain someone in a manner that restricts airflow or blood circulation by compressing the windpipe or carotid arteries. It further criminalizes as misdemeanors the acts of sitting, kneeling, or standing on the chest or back of a subject in a manner that compresses the diaphragm. These acts are defined by the new law as criminal acts, even if an act was unintentional and no injury was sustained by the subject.

These laws expose officers taking people into custody to criminal liability. Chokeholds have been prohibited and we train officers not to kneel, sit, or stand on a subject's back or chest because of the risks to the diaphragm and free breathing; however, bringing violently-resisting subjects into custody has always been challenging.

The most common lapse is probably the use of the knee to try to secure a subject in a prone position. Officers must understand that such a maneuver is now a misdemeanor crime. Officers who are found to have sat, kneeled, or stood on the back or chest of a subject while effecting an arrest are subject to arrest themselves.

Therefore, never use a chokehold, neckhold, or headlock on the subject of an arrest. Never sit, kneel or stand on the subject's torso – including the back, the chest, or the abdomen.

You may still place the subject in a prone position. The prone position is usually the best option for bringing a resisting subject into custody and completing handcuffing procedures but you must complete the arrest without sitting, kneeling, or standing on the subject's back or chest. Use arm holds and other holds to immobilize the subject until the cuffs are on. Officers may still sit or kneel on a subject's legs to keep them from flailing. When subjects are secure, either bring the subjects to a standing position or place them lying on their sides to allow unobstructed breathing.

In arrests involving multiple officers, officers should be using team tactics. If you see your partner apply a chokehold or sit, kneel, or stand on a subject's back or chest, stop them or physically move them away from the neck or torso, just as you would stop or move an officer to protect them from danger. Stay safe from physical danger and from criminal and civil liability, too.

A summary of other laws that have passed at the state and city level affecting your work in the field are below:

## Legislative Summaries

### Right to Record

- **State and City Versions:** This law requires that officers allow people to record them in public as long as they do not interfere with the officer. The City law creates a cause of action against the officer, the agency, and the City with punitive damages and mandatory attorneys' fees, if an officer interferes with a person recording or takes their equipment without cause.

### Shield and Rank Designation

- A new City law requires officers to display either their shield number **or** rank designation when in uniform. If an officer covers both, and a person asks the officer to uncover the shield or rank designation, and the officer refuses, the person may sue the officer, the agency, and the City. If they win, the court must award mandatory attorneys' fees and punitive damages.
- Note: the shield number or rank designation is located on multiple areas of the uniform, not just the shield.
- Displaying shield numbers is policy and officers should ensure their shield number and rank designation are visible at all times. If an officers shield number or rank designation is obstructed, and an individual alerts an officer to this fact, the officer should correct it immediately and make a memo book entry, including the name of the person that alerted the officer and corrective action taken. If the officer is assigned a body camera, it should be activated when the officer makes their shield number and rank designation visible, and state that they have done so. If another officer is present with a body camera, they should make the recording and the officer without the body camera should include the name of the recording officer it their memo book. In the event the shield number and rank are not obstructed, that should be stated on the body camera and/or memo book as well. In any case, the officer should state their shield number and rank designation to the individual.

### Medical Care for Arrestees

- A new State law creates a duty for officers to provide *or* obtain medical care for physical or mental health issues for individuals who are under arrest or in our custody. If officers don't provide or obtain care that is reasonable under the circumstances, and the person suffers serious physical injury or their condition is significantly exacerbated, the individual may sue the officer, the agency, and the City.

### Special Prosecutor

- A new state law expands the Attorney General's jurisdiction so that they can now investigate and prosecute any death that occurred as a result of the actions of a law enforcement officer or while the decedent is in law enforcement custody. This law merely shifts the responsibility from the local District Attorney to the Attorney General.

### Law Enforcement Misconduct Investigation Office

- A new State law establishes a statewide office within the Attorney General's office that can review procedures and policies of any New York State law enforcement agency and make recommendations related to the operations and policies of the agency. It may also investigate complaints concerning allegations of fraud, use of excessive force, criminal activity, conflicts of interest or abuse and determine if disciplinary action, civil action, or criminal prosecution is warranted.